a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| COSEA BELL #318282,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-01128<br>SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| STATE PRISON OFFICIALS ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 8) filed by pro se Plaintiff Cosea Bell ("Bell"). Bell is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Bell alleges that he was denied adequate medical care and subjected to environmental tobacco smoke ("ETS"). He names as Defendants: Heather Cormier, Spencer Launey, Johnathan Augustine, Sgt. Sarah Laurent, Merlin Young, Dana Davis, Renee' Holts, Mr. Veade, Mr. Rachele, Assistant Warden Wayne Millus, Kent Gremillion, Nikki Chenevert, Marcus Myers, and James LeBlanc.

Because factual allegations are needed to support his claims, Bell must supplement his Complaint and Amended Complaints.

I. Background

Bell filed a lengthy Complaint (ECF No. 8) and two Amended Complaints (ECF No. 16, 17), which consist of five separate and unrelated sets of factual allegations.

1

His first portion of the Complaint alleges the violation of his constitutional rights by Heather Cormier, Spencer Launey, Johnathan Augustine, Sgt. Sarah Laurent, Merlin Young, Dana Davis, Renee' Holts, Mr. Veade, Mr. Rachele, Assistant Warden Wayne Millus, Kent Gremillion, Nikki Chenevert, Marcus Myers, and James LeBlanc. ECF No. 8 at 5-26. Bell generally alleges that these Defendants denied him adequate medical care, provided unconstitutional conditions of confinement, and retaliated against him. Bell also alleges that he was wrongfully convicted of a disciplinary violation and that his punishment was excessive. *Id.* at 25.

In the second portion of the Complaint, Bell seeks damages for exposure to toxic smoke from a wildfire that was allegedly started "from an illegal meth operation" on property near RLCC. ECF No. 8 at 28-31. Bell alleges that Warden Myers failed to evacuate the inmates prior to the toxic smoke spreading to RLCC. ECF No. 8 at 31. In the third portion of the Complaint, Bell complains that his privacy is being invaded when officials deliver incoming mail. ECF No. 8 at 81. Bell alleges that he is afraid he could become the victim of identity theft. *Id.* at 82.

In an Amended Complaint (ECF No. 16), Bell alleges that he had get eye drops due to his exposure to the toxic smoke from the wildfire and environmental tobacco smoke.

Finally, in another Amended Complaint (ECF No. 17), Bell alleges that Diane Williams unconstitutionally rejected his administrative grievances.

II. <u>Law and Analysis</u>

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

Bell's Complaints are ladened with conclusory allegations and recitations of the elements of constitutional claims. However, he must amend to provide facts to support his conclusions.

Bell alleges that Nurse Practitioner Cormier wrongfully denied him a cane, neck brace, double portions at all meals, and a duty status, which proves that she "knows of and disregard an excessive risk to my health and safety" . . . and "refused to treat me, ignored my complaints, intentionally treated me incorrectly." ECF No. 8 at 7-8. However, Bell must amend to state:

1. the dates on which he requested treatment from Nurse Practitioner Cormier in writing, what treatment was requested, and whether he was seen by her or anyone else in the medical department;
2. the dates on which he submitted sick call requests to be seen and his request was rejected;

    3.    whether a prison physician or medical provider ever prescribed him a cane, back brace, or double portions;
    4.    why he believes he is entitled to double meals; and
    5.    any allegations to support his claim that that Cormier intentionally treated him incorrectly.

Next Bell alleges a "pattern of neglect" by Dr. Spencer Launey, who's conduct is allegedly "motivated by evil intent, a willful and wanton act and demonstrates reckless, callous indifference to constitutional rights." ECF No. 8 at 11. Bell alleges that Dr. Launey also failed to write a permanent duty status exempting him from work due to low back pain. ECF No. 8 at 11.

He also alleges that mental health practitioner Kaci Devillier ("Devillier") changed his dosage and brand of psychotropic medication, resulting in a "disregard of excessive risk to his health and safety." *Id.* at 11-12. He complains that Devillier, Johnathan Augustine ("Augustine"), and Dana Davis ("Davis") refused to give him a "no work" duty status and "failed to render services timely." *Id.* at 13-14. Bell must amend to provide factual allegations indicating:

    6.    when he was evaluated for a duty status by Dr. Launey, Devillier, Augustine, and Davis;
    7.    what services were allegedly rendered untimely by Devillier, Augustine, and Davis;
    8.    the dates on which he was examined by Dr. Launey.

Bell claims that Dr. Merlin Young, the mental health supervisor, retaliated against him for filing a grievance. *Id.* at 21. Bell claims that Dr. Young "refused and rejected" Bell's complaints for treatment for mental illness. *Id.* at 22.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the

4

prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). An inmate must allege more than his personal belief that he is the victim of retaliation. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Jones*, 188 F.3d at 325 (citations omitted). Bell must amend and state:

9. the dates on which he requested but was denied treatment by Dr. Young;
10. the dates on which he was seen by Dr. Young and what treatment was provided – and any documents to support that claim;
11. when the grievances were filed against Dr. Young;
12. any allegations or documents to support his claim that Dr. Young denied him treatment because he filed grievances.

Bell claims that Warden Myers and James LeBlanc are liable for "participation personally" and failing to prevent staff from violating Bell's rights. ECF No. 8 at 24. Bell must amend to state:

13. how Warden Myers and James LeBlanc personally participated in the alleged violations of his medical care.

In another portion of his Complaint, Bell alleges that Lt. Col. Veade and Major Rachele are liable for finding him guilty of a disciplinary violation and imposing an excessive sentence. ECF No. 8 at 25. Bell must amend and state:

14. the disciplinary charge of which he was convicted, the date of conviction, whether he appealed the conviction, and what sanctions were imposed.

5

Bell must also amend to allege:

15. facts indicating that Warden Meyer acted unreasonably or subjectively intended to cause Bell harm with respect to the wildfire and evacuation.

IT IS ORDERED that Bell file a Supplemental Complaint within 30 days of the date of this Order, responding only to the requests outlined herein.

SIGNED on Monday, October 3, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE